# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| PITTSBURGH HISTORY AND LANDMARKS FOUNDATION, A PENNSYLVANIA NON-PROFIT CORPORATION; LANDMARKS FINANCIAL CORPORATION, A PENNSYLVANIA NON-PROFIT CORPORATION; HENRY P. HOFFSTOT, JR.; DAVID E. BARENSFELD; PETER H. STEPHAICH; PATRICK R. WALLACE; ALEXANDER SPEYER; AND HENRY P. HOFFSTOT, III | : No. 199 WAL 2017<br><br>:<br>:<br>: Petition for Allowance of Appeal from<br>: the Order of the Commonwealth Court<br>:<br>:<br>:<br>: |
| v. | : |
| ARTHUR P. ZIEGLER, JR.; MARK S. BIBRO; JACK R. NORRIS; PITTSBURGH HISTORY AND LANDMARKS FOUNDATION, A PENNSYLVANIA NON-PROFIT CORPORATION; AND LANDMARKS FINANCIAL CORPORATION, A PENNSYLVANIA NON-PROFIT CORPORATION | :<br>:<br>:<br>:<br>:<br>:<br>: |
| PETITION OF: ARTHUR P. ZIEGLER JR., MARK S. BIBRO, JACK R. NORRIS, PITTSBURGH HISTORY AND LANDMARKS AND FOUNDATION LANDMARKS FINANCIAL CORPORATION | :<br>:<br>:<br>:<br>: |
| PITTSBURGH HISTORY AND LANDMARKS FOUNDATION, A PENNSYLVANIA NON-PROFIT CORPORATION; LANDMARKS FINANCIAL CORPORATION, A PENNSYLVANIA NON-PROFIT CORPORATION; HENRY P. HOFFSTOT, JR.; DAVID E. BARENSFELD; PETER H. STEPHAICH; PATRICK R. WALLACE; | : No. 219 WAL 2017<br>:<br>:<br>: Cross Petition for Allowance of Appeal<br>: from the Order of the Commonwealth<br>: Court<br>:<br>: |

ALEXANDER SPEYER; AND HENRY P. : 
HOFFSTOT, III :
:
:
:
v. :
:
:
:
ARTHUR P. ZIEGLER, JR.; MARK S. :
BIBRO; JACK R. NORRIS; PITTSBURGH :
HISTORY AND LANDMARKS :
FOUNDATION, A PENNSYLVANIA NON- :
PROFIT CORPORATION; AND :
LANDMARKS FINANCIAL :
CORPORATION, A  PENNSYLVANIA :
NON-PROFIT CORPORATION :
:
:
PETITION OF: HENRY P. HOFFSTOT, :
JR.; DAVID E. BARENSFELD; PETER H. :
STEPHAICH; PATRICK R. WALLACE; :
ALEXANDER SPEYER; AND HENRY P. :
HOFFSTOT, III :

# ORDER

**PER CURIAM**

 **AND NOW**, this 1st day of November, 2017, the Petition for Allowance of Appeal

is **GRANTED.**   The issues, as stated by the Parties, are:

Petitioners' Issues at 199 WAL 2017:

 a. Whether, in the context of derivative litigation, the Commonwealth of Pennsylvania will adopt the qualified attorney-client privilege, the scope of which is subjectively determined, as articulated in the often criticized decision of *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970), *cert. denied*, 401 U.S. 974 (1971), and as articulated in the Restatement (Third) of the Law Governing Lawyers, § 85, where the ambiguous and uncertain scope of such a privilege is inconsistent with Pennsylvania Supreme Court precedent and in conflict with the Pennsylvania statute codifying the attorney-client privilege.

b. Whether, even if this Court adopts *Garner*'s qualified attorney-client privilege as the law of Pennsylvania, such a privilege is applicable to derivative litigation that arises out of disputes between former Board members and current Board members with no corresponding fiduciary relationship.

Respondents' Issues at 219 WAL 2017:

a. Whether the fiduciary duty exception to the attorney-client privilege is applicable to discovery sought by either the derivative not-for-profit corporate Plaintiff or the purportedly removed Trustees of the not-for-profit corporation who are bringing the derivative action, when the corporation received and/or paid for the advice in question which was given regarding and at the time of events occurring while the individual Plaintiffs were unquestionably Trustees.

b. Whether the common interest or co-client exception to the attorney-client privilege is applicable to discovery sought by either the derivative not-for-profit corporate Plaintiff or the purportedly improperly removed Trustees of the not-for-profit corporation who are bringing the derivative action, when the corporation received and/or paid for the advice in question, which was given regarding and at the time of events occurring while the individual Plaintiffs were unquestionably Trustees.